# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WILLIAMS, | ) | CASE NO. 5:25-cv-2261 |
| | ) | |
| PLAINTIFF, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| VIAQUEST, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

*Pro se* plaintiff Darnell Williams filed this action against Viaquest, Inc. He did not submit the filing fee of $405.00 and instead filed an Application to Proceed *In Forma Pauperis*. (Doc. No. 2 (Original Motion).) Plaintiff's original motion was insufficient, however. Plaintiff submitted a form AO 240 (also known as the "short form") which the Court no longer accepts because it provides insufficient information. Accordingly, Magistrate Judge Carmen E. Henderson ordered plaintiff to either pay the filing fee or refile his Application to Proceed *In Forma Pauperis* on a form AO 239 (also known as the "long form"). (Doc. No. 8 (Order).) Plaintiff has now refiled his motion using form AO 239. (Doc. No. 9 (Refiled Motion).) For the reasons stated below, the original motion and the refiled motion are DENIED, and this case is DISMISSED.

Federal courts may authorize commencement of civil actions *in forma pauperis* under 28 U.S.C. § 1915. Proceeding *in forma pauperis* is a "privilege," *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998) (citation omitted), and whether to allow a litigant to proceed *in forma pauperis* is within the district court's discretion. *See Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (reviewing denial of *in forma pauperis* motion for abuse of

discretion). A litigant seeking to proceed *in forma pauperis* must file an affidavit with a statement of assets and liabilities. *See* 28 U.S.C. § 1915(a). Pauper status does not require a showing of absolute destitution. *Foster*, 21 Fed. App'x. at 240 (citation omitted). Rather, a plaintiff must show that paying the filing fee would cause undue hardship. *Id.* (citation omitted).

Undue hardship requires more than simply having to adjust one's monthly budget to pay the filing fee. *Behmlander v. Comm'r of Soc. Sec*., 2012 WL 5457466, at * 2 (E.D. Mich. Oct. 16, 2012) (A person is not a pauper just because he must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims."). But litigants are not required "to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute[.]" *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339, 69 S. Ct. 85, 93 L. Ed. 43 (1948). Typically, federal courts will find pauper status appropriate when the litigant demonstrates that the one-time payment of the filing fee will render the plaintiff unable to provide for himself and his dependents. *See Maddox v. Foley*, No. 3:23-cv-48, 2023 WL 3852943, at *2 (S.D. Ohio May 10, 2023) (citing *Adkins*, 335 U.S. at 339); *see also Bush v. Ohio Dep't of Rehab. and Corr.*, No. 2:05-cv-667, 2007 WL 4365381, at *1 (S.D. Ohio Dec. 10, 2007) (pauper status is typically reserved for those "who would truly be required to forego food, shelter, clothing, or some other necessity were they to devote any of their scant resources to paying a judicial filing fee.").

Here, plaintiff has not demonstrated that the payment of the filing fee would present an undue hardship. In his form AO 239, plaintiff alleges that he earns $3,400.00 per month from

employment. (Doc. No. 9, at 1–2.)[1] He owns a 2020 Lincoln (model is illegible) for which he pays $656.00 per month. (*Id.* at 2, 4.) He lists his total expenses, including rent, utilities, food, transportation and installment payments as $2,678.00. (*Id.* at 3–4.) Based on the information reported by the plaintiff in his refiled motion, he has $722.00 left each month after paying bills from which he could pay the filing fee. Accordingly, this does not appear to be a case in which payment of the filing fee would present undue hardship. Rather, this is simply a case where plaintiff must "weigh the financial constraints posed by pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466, at *2.

Accordingly, plaintiff's Applications to Proceed *In Forma Pauperis* (Doc. Nos. 2, 9) are DENIED and this action is DISMISSED without prejudice. Plaintiff may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $405.00 and then filing a motion to reopen. The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction. Furthermore, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 26, 2026

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT COURT**
**CHIEF JUDGE**

---

[1] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

3